IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EBBY DEWAYNE WADE, #02472911 | § § § | |
| VS. | § § | CIVIL CASE NO. 4:22-CV-182 |
| SHANE RODRIGUEZ, *et al.*, | § § | |

### ORDER OF DISMISSAL

The above-entitled and numbered civil rights action was referred to United States Magistrate Aileen Durrett, who issued a Report and Recommendation ("the Report") (Dkt. #38) concluding that Plaintiff's claims, and lawsuit against Defendants, should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. Plaintiff filed objections to the Report on March 27, 2025 (Dkt. #42).

In the objections to the Report, Plaintiff first complains of the dismissal with prejudice, arguing that the dismissal should be without prejudice to the right to reassert his claims once the *Heck* conditions are met. The decretal language used by the Magistrate Judge is proper and follows the preferred language dictated by the Fifth Circuit Court of Appeals in *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). *See* Report at pg. 5. This is, in effect, a dismissal without prejudice. *Cook v. City of Tyler, Texas*, 974 F.3d 537, 539 (5th Cir. 2020) ("*Johnson's* language suffices because it offers the caveat that plaintiffs may reassert their claims upon satisfying the *Heck* conditions but may not otherwise develop the claims 'until' those conditions are met.").

Plaintiff's challenge to the Magistrate Judge's recommendation that certain defendants are entitled to absolute immunity is unclear. This recommendation applies to only Defendants Judge Brian K. Gary, former Grayson County District Attorney Brett Smith, and former Assistant District Attorney Kerye Ashmore; the recommendation did not apply to all the Defendants. And, while, Plaintiff may have sued these Defendants in their individual capacities, they are still entitled to immunity. Judges have absolute immunity for their decisions as judges. *Cleavinger v. Saxner*, 474 U.S. 193, 499-500 (5th Cir. 2011). Defendants Smith and Ashmore, as former district attorneys, are likewise immune for all actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Cousin v. Small*, 325 F.3d 627, 731 (5th Cir. 2003); *Haddix v. Texas*, 448 F. App'x 498, 499 (5th Cir. 2011). They are entitled to prosecutorial immunity and, thus, are immune from suit. *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 168 (5th Cir. 1996) (holding that prosecutors are absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties).

Finally, to the extent Plaintiff invites the Court to assert supplemental jurisdiction over his state law claims, this Court declines to do so. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This is "the preferred practice" when those state law claims have not been the subject of extensive litigation in federal court. *Putnam v. Williams*, 652

F.2d 497, 502 (5th Cir. 1981); *see also Alphonse v. Arch Bay Holdings, L.L.C.,* 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

Traditionally, district courts permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Judicial economy dictates against inviting a futile amendment in this case. The Court has reviewed the tendered objections, and they lack merit.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that Plaintiff's claims, and the civil rights action filed pursuant to 42 U.S.C. § 1983, are **DISMISSED** with prejudice to their being asserted again until the *Heck* conditions are met.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 31st day of March, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE